IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JENNIFER SEIDEN, | * |
| *Plaintiff*, | * |
| v. | * |
| OMNI HOTELS MANAGEMENT CORPORATION, | *    Case No: 3:19-cv-00526 |
| | * |
| and | * |
| THE HOMESTEAD, L.C. | * |
| *Defendants.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**NOTICE OF REMOVAL**

Defendants Omni Hotels Management Corporation and The Homestead, L.C., (collectively, "Omni"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files their Notice of Removal of this action to the United States District Court for the Eastern District of Virginia, Richmond Division. As addressed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties, and it is plain from the face the Complaint that the plaintiff, Jennifer Seiden ("Plaintiff"), seeks judgment in excess of $75,000, exclusive of interest and costs, for her claimed personal injuries. In further support of this Removal, Omni states as follows:

**INTRODUCTION**

1. Plaintiff initiated the instant action for personal injury by filing a complaint in the Circuit Court for the City of Richmond seeking three million dollars in damages as a result of the alleged negligence of Omni and Segtown, LLC. The state court action was assigned case number

CL19003045-00.

2. Plaintiff alleges she was an invitee of the Omni Homestead Resort when she participated in a group Segway tour on July 8, 2018. (Compl. at ¶¶ 15-17.) Plaintiff alleges she was injured after the leader of the Segway tour led Plaintiff and other participants down a rocky, uneven and hilly trail where her Segway suddenly jerked as it hit a rock and/or gully on the path causing her to be thrown backwards onto the ground resulting in injury. (Compl. at ¶¶ 29, 31-36.) Omni denies Plaintiff's allegations.

3. Plaintiff originally filed her Complaint naming Omni Hotels Management Corporation, The Homestead, L.C., Omni Homestead, Inc. and Segtown, LLC as defendants. On July 16, 2019, the Court entered an order nonsuiting defendants Omni Homestead, Inc. and Segtown, LLC from her action. Thus, at the time of this removal, the only remaining defendants are Omni Hotels Management Corporation and The Homestead, L.C.

**GROUNDS FOR REMOVAL**

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

A. <u>Removal is timely and the amount in controversy exceeds $75,000.</u>

4. Removal is timely pursuant to 28 U.S.C. 1446(b) because Defendant's Notice of Removal was made within thirty (30) days after receipt of an order nonsuiting the nondiverse defendant Segtown, LLC, and Plaintiff's case was not commenced more than 1 year ago. 28 U.S.C. 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

5. Plaintiff commenced her action on June 13, 2019[1], naming Segtown, LLC as one of the defendants. For purposes of diversity of citizenship, "the citizenship of a limited liability company depends not on the state in which it is organized or the state in which it does most of its business, but rather on the citizenship of the entities that own the LLC". *Muhlenbeck v. Ki, LLC*, 304 F. Supp. 2d 797, 802 (E.D. Va. 2004); *Fenton v. Food Lion, Inc.*, CIVIL ACTION NO. 3:02CV00017, 2002 U.S. Dist. LEXIS 15879, at *7 n.6 (W.D. Va. Aug. 23, 2002) ("It is the citizenship of the members of the organization, therefore, that will determine a limited liability company's citizenship; neither the state where the entity was formed nor the location of its principal place of business is relevant"). Segtown, LLC a Virginia Limited Liability Company with one member: Hannan "Ken" McKenzie Lyda, Jr., resident, citizen and domicile of the Commonwealth of Virginia. Therefore, the case state by Plaintiff in her initial pleading was not removable pursuant to 28 U.S.C. § 1441(b)(2), and because Plaintiff, upon information and belief, is not diverse from Segtown, LLC.

6. On July 16, 2019, the Circuit Court for the City of Richmond entered an Order nonsuiting defendants Omni Homestead, Inc. and Segtown, LLC from Plaintiff's action. Omni received a copy of this order on July 22, 2019. Therefore, as detailed below, this case became removable on July 22, 2019. *See, e.g., Paschall v. CBS Corp.*, Civil Action No. 3:11CV431-HEH, 2011 U.S. Dist. LEXIS 104725, at *9 (E.D. Va. Sep. 14, 2011) ("Notice that a case has become removable may arise in a variety of forms. For example, receipt of an order from a state court granting a nonsuit as to a non-diverse party provides sufficient notice." (citing *Culkin v. CNH America, LLC*, 598 F.Supp.2d 758, 760 (E.D.Va. 2009))).

---

[1] "A case is commenced in the Commonwealth of Virginia when it is filed with the court." *Culkin v. CNH Am., LLC*, 598 F. Supp. 2d 758, 760 (E.D. Va. 2009).

7. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also*, 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

8. The Complaint states that "Plaintiff, Jennifer Seiden, respectfully prays for judgment and an award of execution against the Defendants, jointly and severally, in the sum of THREE MILLION DOLLARS ($3,000,000.00) plus pre-judgment interest from July 8, 2018". (Compl., "WHEREFORE" clause.) Accordingly, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. §1332(a).

B. There is complete diversity among the parties.

9. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Plaintiff was a resident, citizen and domicile of the Commonwealth of Virginia.

10. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

11. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, the defendant Omni Hotels Management Corporation was and still is a Delaware corporation with its principal place of business in Dallas, Texas, and, thus, at all relevant times hereto, a citizen of the States of Delaware and Texas for purposes of determining diversity (*See* Affidavit of Jeremy Williams, attached hereto as "**Exhibit A**", ¶ 1).

(*See also*, Compl. ¶¶ 1, 6.)

12. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, the defendant The Homestead, L.C. was a limited liability company with one member: The Omni Homestead, Inc., a Delaware corporation with its principal place of business in Dallas, Texas, at all relevant times hereto. (Williams Aff., Ex. A, ¶ 2.) Again, For purposes of diversity of citizenship, "the citizenship of a limited liability company depends not on the state in which it is organized or the state in which it does most of its business, but rather on the citizenship of the entities that own the LLC". *Muhlenbeck v. Ki, LLC*, 304 F. Supp. 2d 797, 802 (E.D. Va. 2004); *Fenton v. Food Lion, Inc.*, CIVIL ACTION NO. 3:02CV00017, 2002 U.S. Dist. LEXIS 15879, at *7 n.6 (W.D. Va. Aug. 23, 2002) ("It is the citizenship of the members of the organization, therefore, that will determine a limited liability company's citizenship; neither the state where the entity was formed nor the location of its principal place of business is relevant").

13. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Omni Homestead, Inc. was and still is a Delaware corporation with its principal place of business in Dallas, Texas, and, thus, at all relevant times hereto, a citizen of the States of Delaware and Texas for purposes of determining diversity. Thus, at all relevant times hereto, The Homestead, L.C. was a citizen of the States of Delaware and Texas for purposes of determining diversity.

14. Accordingly, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity among the current parties, and removal is proper under 28 U.S.C. §§ 1332 and 1441(b).

C. <u>Venue and other requirements are satisfied.</u>

15. This Court has jurisdiction of this action by reason of diversity of citizenship

pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embraces the Circuit Court for the City of Richmond, the forum in which the removed action was pending.[2] Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

16. Omni is not a citizen of the Commonwealth of Virginia, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

17. The undersigned hereby certifies that all defendants who have been properly joined and served join in and consent to the removal of this action.

18. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon Omni in the original state court action as of this date are attached hereto as "**Exhibits B through G**".

19. Pursuant to 28 U.S.C. § 1446(d), Defendant filed a written notice of removal with the Clerk of the Circuit Court for the City of Richmond, where this action was pending, a copy (without exhibits) of which is attached hereto as "**Exhibit H**". A copy of this Notice of Removal is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

20. By filing this Notice of Removal, Defendant does not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

21. If any question arises regarding the propriety of the removal of this action, Omni respectfully requests the opportunity to present a memorandum and oral argument in support of

---

[2] However, Omni avers the case was improperly filed in the City of Richmond, thereby requiring Omni to remove to this Court pursuant to 28 U.S.C. § 1441(a). Omni objects to venue on the basis that a valid and enforceable forum selection clause governs Plaintiff's cause of action and requiring this case to be transferred to the United States District Court for the Western District of Virginia, Harrisonburg Division. Accordingly, upon removal, Omni intends to file a Motion to Transfer.

the position that this case is removable and conduct discovery related to the facts that support removal.

WHEREFORE, Omni respectfully removes this action to the United States District Court for the Eastern District of Virginia, Richmond Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

OMNI HOTELS MANAGEMENT CORPORATION and THE HOMESTEAD, L.C.

By: _____/s/ Eli Jason S. Mackey_____

C. Stephen Setliff (VSB No. 27882)
Eli Jason S. Mackey (VSB No. 84142)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone: (804) 377-1260
Facsimile: (804) 377-1280
Email: ssetliff@setlifflaw.com
Email: jmackey@setlifflaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July 2019, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys. To the extent the attorneys for the parties are no yet participating in the CM/ECF system, the foregoing document was duly served by mailing a copy to the following attorneys of record not yet participating in the CM/ECF system, in accordance with the provisions

of Rule 5, Federal Rules of Civil Procedure:

>Colleen Marea Quinn, Esq. (VSB # 29282)
>Kate Miceli, Esq. (VSB # 93673)
>Locke & Quinn
>4928 West Broad Street
>P.O. Box 11708
>Richmond, VA 23230
>Telephone: (804) 545-9406
>Facsimile: (804) 545-9411
>Email: quinn@lockequinn.com
>Email: miceli@lockequinn.com
>*Counsel for Plaintiff*

_____/s/ Eli Jason S. Mackey_____