IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JENNIFER SEIDEN,
        Plaintiffs,

v.                                                   Civil Action No. 3:19-cv-526

OMNI HOTELS MANAGEMENT
CORPORATION, et al.,
        Defendants.

## MEMORANDUM ORDER

This matter comes before the Court on the defendants' motion to transfer. (Dk. No. 6.) The plaintiff, Jennifer Seiden, has sued the defendants for injuries she sustained during a Segway tour at the Homestead Resort in Bath County, Virginia. The defendants have moved to transfer venue to the Western District of Virginia, Harrisonburg Division, citing the forum selection clause in the agreement Seiden signed before the tour. Because the forum selection clause is valid and enforceable, the Court will grant the motion to transfer.

## I. BACKGROUND

Before the Segway tour, Seiden signed an "Assumption of Risk, Release of Liability and Indemnification Agreement" (the "Agreement"), which contained a choice of law and forum selection clause. That provision reads:

> The undersigned agrees that any and all claims for injury and/or death arising from the participant's participation in the activity shall be governed by Virginia law and exclusive jurisdiction of any claim shall be in the General District Court or in the Circuit Court residing where the alleged incident occurred or in the Western District of the Federal Court for the State of Virginia.

(Dk. No. 3-2, at ¶ 9.) On June 13, 2019, Seiden sued Omni Hotels Management Corporation, The Homestead, L.C., Omni Homestead, Inc., and Segtown, LLC, in the Richmond Circuit Court. On July 16, 2019, the state court dismissed Omni Homestead, Inc., and Segtown, LLC. Omni Hotels

Management Corporation and The Homestead, L.C. (collectively, "Omni"), removed the case to this Court and moved to transfer venue to the Western District of Virginia, Harrisonburg Division, consistent with the forum selection clause.

## II. DISCUSSION

A district court can transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Typically, courts weigh both the private interests of the parties and public interest considerations. *Atl. Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 62-63 (2013). This analysis changes, however, if the parties have contractually agreed to litigate a case in a particular forum. *Id.* at 63. Rather than weighing both public and private interest factors when considering a transfer, courts should only consider public interest factors. Nevertheless, "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64. Thus, when a valid forum selection clause applies, the moving party has a heavy burden "of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 63.

Thus, the Court must first determine if the Agreement contains a valid forum selection clause. Under Virginia law, "contractual provisions limiting the place or court where potential actions . . . may be brought are prima facie valid and should be enforced, unless the party challenging enforcement establishes that such provisions are unfair or unreasonable, or are affected by fraud or unequal bargaining power." *Paul Bus. Sys. v. Canon U.S.A., Inc.*, 240 Va. 337, 342, 397 S.E.2d 804, 807 (1990); *see also Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007) ("Virginia law looks favorably upon choice of law clauses in a contract, giving

them full effect except in unusual circumstances.").[1] Seiden argues that the forum selection clause is the product of unequal bargaining power and results in inconvenience to her.

The mere absence of negotiation does not render a forum selection clause unenforceable. *See Carnival Cruise Lines v. Shute*, 499 U.S. 585, 593 (1991). Seiden says that she was "rushed to sign [the Agreement] as is . . . to catch the shuttle." (Dk. No. 7, at 2.) But she does not argue that she was unable to read the Agreement, expressed any reservations about being rushed, or asked for more time to consider the agreement. Nor has she demonstrated that transfer would be "so gravely difficult and inconvenient" that she will "for all practical purposes, be deprived of [her] day in court." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972). Seiden merely argues that transfer would be inconvenient because counsel and her witnesses are in Richmond. Accordingly, Seiden has failed to establish that the forum selection clause is "unfair or unreasonable, or [is] affected by fraud or unequal bargaining power." *Paul Bus. Sys.*, 240 Va. at 342, 397 S.E.2d at 807. The Court must enforce the provision.

Because the forum selection clause in the Agreement is enforceable, the Court can disregard the parties' private interests and evaluate only public interest concerns. *See Atl. Marine Const.*, 571 U.S. at 64. Seiden offers no public interest concerns that transform this case into one of the "unusual circumstances" in which a court would override a valid forum selection clause. *Colgan Air, Inc.*, 507 F.3d at 275. Seiden offers two additional arguments with respect to venue. Neither persuades.

First, Seiden contends that Omni waived its right to challenge venue by not removing the case directly to the Western District of Virginia. That argument ignores § 1441(a), which requires

---

[1] Courts have found little difference between choice of law and forum selection clauses for enforceability purposes. *See Zaklit v. Glob. Linguist Sols., LLC*, 53 F. Supp. 3d 835, 845 n.4 (E.D. Va. 2014).

3

parties to remove a case from state court "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because Seiden initially sued the defendants in the Richmond Circuit Court, Omni properly removed the case to this Court. *See Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002) ("There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated "district court . . . for the district and division embracing the place where [the state court] action [was] pending.").

Second, Seiden argues in the alternative that the Agreement does not name a specific division of the Western District of Virginia, so the Court should transfer this case to the Charlottesville Division. Section 1404(a) permits courts to transfer a case "to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Proper venue exists in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(2). Venue must be proper not only within the district but also the division. In the Western District of Virginia, courts construe the venue rules in § 1391 "as if the terms 'judicial district' and 'district' were replaced with the word 'division.'" W.D. Va. Loc. Civ. R. 2(b). Here, the events giving rise to the claim occurred in Bath County, Virginia, which is within the Harrisonburg Division. *See* W.D. Va. Loc. Civ. R. 2(a)(5). The parties also contemplated that any lawsuit would take place "where the alleged incident occurred." (Dk. No. 3-2, at ¶ 9.) The Court, therefore, finds venue proper and most appropriate in the Harrisonburg Division.

### III. CONCLUSION

Because the forum selection clause is valid and enforceable, the Court GRANTS the motion and TRANSFERS this case to the Western District of Virginia, Harrisonburg Division.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 19 September 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge